UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TAMIKA LEWIS,

                Plaintiff,                                        19 cv 08713 (NRB)

      vs.                                                     **FIRST AMENDED**
                                                              **COMPLAINT**

THE CITY OF NEW YORK,
NYPD OFFICER IAN GALLAGHER,
NYPD OFFICER DANIEL EDWARDS,
NYPD OFFICER VIKRUM RAMROOP,
NYPD OFFICER RYAN PANARTTO,
NYPD OFFICER DAVIT OSMANOVIC,
NYPD SERGEANT MICHAELWILLIAMS,

                Defendants.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of Defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Defendants deprived Plaintiff of her constitutional and common law rights when the Individual Defendants unlawfully and unjustifiably assaulted, battered, and falsely arrested plaintiff at the home she shares with her partner in the Bronx.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is

1

conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

**4.** Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because the claims arose in this district.

## JURY DEMAND

5. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PARTIES

6. Plaintiff Tamika Lewis currently and at all times relevant was a resident of New York and a citizen of the United States.

7. NYPD Officer Ian Gallagher (shield #31919) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, June 21, 2018, he was assigned to the 46th Precinct in Bronx County. Defendant Gallagher is being sued herein in his individual capacity.

8. NYPD Officer Daniel Edwards (shield #09840) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department

("NYPD"). On the date of the incident, June 21, 2018, he was assigned to the 46th Precinct in Bronx County. Defendant Gallagher is being sued herein in his individual capacity.

9. NYPD Officer Vikrum Ramroop is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, June 21, 2018, he was assigned to the 46th Precinct in Bronx County. Defendant Ramroop is being sued herein in his individual capacity.

10. NYPD Officer Ryan Panartto is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, June 21, 2018, he was assigned to the 46th Precinct in Bronx County. Defendant Panartto is being sued herein in his individual capacity.

11. NYPD Officer Davit Osmanovic is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, June 21, 2018, he was assigned to the 46th Precinct in Bronx County. Defendant Osmanovic is being sued herein in his individual capacity.

12. NYPD Sergeant Michael Williams is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, June 21, 2018, he was assigned to the 46th Precinct in Bronx County. Defendant Williams is being sued herein in his individual capacity.

13. At all times relevant herein, Defendants Gallagher, Edwards, Ramroop, Panartto, Osmanovic, and Williams ("Individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants,

3

employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

14.     Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

15.     At approximately 10 a.m. on June 21, 2018, the Individual Defendants appeared inside of 1875 University Avenue in Bronx County in the City and State of New York where Tamika Lewis shares a home with her girlfriend, Sheena Guzman.

16.     Ms. Lewis was leaving the apartment with a large heavy duffle bag and a large heavy backpack after having a verbal dispute with Ms. Guzman.

17.     The Individual Defendants overheard Ms. Lewis and Ms. Guzman discussing Ms. Guzman's debit card that Ms. Lewis had with Ms. Guzman's permission.

4

18. As Ms. Lewis was returning the debit card to Ms. Guzman, one of the Individual Defendants snatched the card out of Ms. Lewis's hand and told her that she was under arrest for grand larceny.

19. Ms. Lewis had not committed grand larceny and Ms. Guzman had not accused Ms. Lewis of stealing her debit card.

20. The Individual Defendants knew that Ms. Lewis had not committed grand larceny or any other crime.

21. Nevertheless, the Individual Defendants grabbed Ms. Lewis and threw her up against the wall.

22. Ms. Lewis still had her backpack and duffle bag on her back and shoulders.

23. The Individual Defendants forcefully pulled Ms. Lewis's arms behind her back to handcuff her, but her arms did not reach around the bags she was carrying.

24. The Individual Defendants continued using great force to pull Ms. Lewis's arms behind her back, yanking her shoulders and back.

25. Ms. Lewis was explaining that her bags were in the way and to please let her put them down, but the defendants ignored her.

26. One of the Individual Defendants punched Ms. Lewis several times in the face.

27. Another defendant stomped on Ms. Lewis's foot and another kneed the back of her legs.

28. Ms. Guzman was screaming in sum and substance, "what are you guys doing? Don't hurt her."

29. Ms. Lewis's duffle bag fell off her shoulder.

30. Ms. Lewis was then handcuffed and taken to the 46th precinct.

31. Ms. Lewis had not committed any crime. Yet, the police arrested and manufactured false charges against her.

32. Ms. Lewis was fingerprinted, photographed, searched and locked in a holding cell for several hours at the 46th Precinct.

33. Ms. Lewis was eventually taken to Central Booking where she was held in filthy holding cells for numerous hours awaiting her arraignment.

34. Defendant Daniel Edwards falsely alleged that Ms. Lewis resisted arrest when he was attempting to arrest her for taking a credit card belonging to Sheena Guzman and that she spit in his left eye.

35. Based on Defendant Edwards' false allegations, the Bronx County District Attorney's Office charged Ms. Lewis with felony assault in the second degree, assault in the third degree, resisting arrest, and harassment.

36. Ms. Lewis was finally arraigned in Bronx Criminal Court and the judge ordered that she be released on her own recognizance.

37. Ms. Lewis, who is a chef, was working at the Federal Reserve at the time of this incident.

38. When Ms. Lewis returned to her job at the Federal Reserve after her release, she was escorted off the premises because of the arrest and pending charges. As a result, she lost that job and the income associated with it.

39. For the next year, Ms. Lewis appeared in Bronx Criminal Court approximately once a month.

40. On June 6, 2019, her case was adjourned in contemplation of dismissal.

41. Ms. Lewis sustained serious physical and emotional injuries that are ongoing.

42. At no time did Ms. Lewis commit the offenses alleged by Defendants.

43. There was no basis for the arrest, detention, and prosecution of Ms. Lewis.

44. As a result of her arrest and prosecution, Ms. Lewis was required to appear in court, suffer the humiliation and loss of reputation from being a criminal defendant, and the emotional and mental anguish of facing criminal charges and a possible jail sentence.

45. The false arrest, false imprisonment, and assault and battery of Ms. Lewis by Defendants caused Ms. Lewis to sustain injuries including but not limited to physical and emotional pain and suffering that are ongoing, anxiety, humiliation, loss of liberty, legal fees, loss of reputation, and medical expenses.

46. Plaintiff timely filed a written notice of claim with the Comptroller's Office at 1 Centre Street, New York, New York.

47. At least thirty days have elapsed since the filing of such notice and adjustment and/or payment has been neglected and/or refused.

48. A 50H hearing was conducted on August 21, 2019.

49. This action has been commenced within one year and ninety days after the events upon which the claims are based.

## FIRST CAUSE OF ACTION
### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights
### Against All Defendants

50. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

51. Defendants, who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's rights to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

52. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.

53. Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983/Fourth Amendment

54. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

55. Defendants unjustifiably grabbed, pushed, pulled, stomped, kicked and punched and used excessive force against plaintiff which was an objectively unreasonable physical seizure of plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution.

56. The failure of the Defendants who had a duty to intervene, prevent, and stop the other Defendants from unjustifiably grabbing, pushing, pulling, stomping, kicking and punching plaintiff, was also objectively unreasonable in violation of her rights under the Fourth Amendment to the United States Constitution.

### THIRD CLAIM FOR RELIEF
Assault

57. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

58. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act/s caused apprehension of such contact in the plaintiff.

59. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

60. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FOURTH CAUSE OF ACTION
Battery

61. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

62. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner forcibly touched plaintiff without plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

63. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

64. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION
### False Arrest

65. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

66. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

67. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

68. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

69. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

70. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the Individual Defendants who were unfit for the performance of police duties on February 20, 2009, at the aforementioned location.

71. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against Defendants:

1. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by plaintiffs as a result of the events alleged herein.

2. Punitive damages against the Individual Defendants in an amount to be determined at trial.

3. For pre-judgment interest as allowed by law.

4. An order awarding plaintiff reasonable attorneys' fees, pursuant to 42 U.S.C. §1988, together with the costs of this action.

5. Such other further relief as the Court may deem appropriate.

Dated: April 3, 2020
      New York, New York

                              ROMANO & KUAN, PLLC

                              _____/s/_____
                              Julia P. Kuan (JK 3822)
                              600 Fifth Avenue, 10th Floor
                              New York, New York 10020
                              (212) 763-5075
                              julia.kuan@romanoandkuan.com

                              *Attorneys for Plaintiff*

To:   Lucienne Pierre, Esq.
       (via ECF)
       *Attorney for Defendants*